**ELECTRONIC PRIVACY INFORMATION CENTER, Plaintiff,**

v.

**DEPARTMENT OF DEFENSE, Defendant.**

**No. CIV.A. 04–1219(CKK).**

United States District Court, District of Columbia.

Dec. 8, 2004.

Opinion was issued on November 30, 2004.

Marcia Clare Hofmann, David L. Sobel, Washington, DC, for Plaintiff.

Brian G. Kennedy, U.S. Department of Justice Civil Division, Federal Programs Branch, Washington, DC, for Defendant.

## MEMORANDUM OPINION

KOLLAR–KOTELLY, District Judge.

The case presents the question of whether Plaintiff Electronic Privacy Information Center ("EPIC") is entitled to expedited processing of its request for records filed pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1996 & West Supp.2004). After consideration of the parties' cross-Motions for Partial Summary Judgment, their briefs, and the relevant law, the Court determines that Defendant Department of Defense ("DOD") appropriately denied Plaintiff's request for expedited processing. Plaintiff's request for records shall be considered according to DOD's standard "first-in, first-out" procedure.

## I. FACTUAL BACKGROUND

Plaintiff Electronic Privacy Information Center is a public interest research organization engaged in the review of federal law enforcement activities and policies in order to consider their possible impact on civil liberties and privacy interests. Compl. ¶ 3. Defendant Department of Defense is an agency within the executive branch of the United States Government, and the Defense Intelligence Agency ("DIA") is a component of DOD. *Id.*

On May 21, 2004, EPIC filed a request under FOIA with the DIA "seeking all agency records (including but not limited to electronic records) concerning [DIA] use of a program or system known as 'Verity K2 Enterprise' for the purpose of analyzing intelligence and detecting terrorist activities." Pl.'s Mot. for Partial Summ. J. ("Pl.'s Mot.") Ex. 3 (FOIA Request) at 1. As part of this communication, Plaintiff requested that its application be considered on an expedited basis. *See id.* at 1–2. Plaintiff articulated its position that its request met the requirements for expedited processing under the applicable DOD regulations. *Id.* at 1 (citing 32 C.F.R. § 286). In particular, EPIC stated that "the government activity at issue here—use of data mining technology to detect potential terrorist activity" was "particularly timely" because of the release of a DOD Technology and Privacy Adviso-

ry Committee ("TAPAC") report, and the publication of two articles in the New York Times. *Id.* at 1–2.

After receiving no response to its request for expedited processing, EPIC filed the instant suit on July 20, 2004, seeking to compel DOD and DIA to process and release the requested records on an expedited basis. Pl.'s Mot. at 6. Subsequently, on August 13, 2004, DIA denied Plaintiff's request for expedited processing.[1] *Id.* at 6, Ex. 7 (DIA denial letter).

## II. LEGAL STANDARD

█ The Freedom of Information Act confers jurisdiction on this Court to review an agency denial of expedited processing of a FOIA request. *See* 5 U.S.C. § 552(a)(6)(E)(iii) ("Agency action to deny or affirm denial of a request for expedited processing ... shall be subject to judicial review under paragraph (4), except that the judicial review shall be based on the record before the agency at the time of the determination."). The Court considers such agency action under de novo review. *See* 5 U.S.C. 552(a)(4)(B) ("On complaint, the district court ... has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo ..."); *see also Al–Fayed v. CIA*, 254 F.3d 300, 301 (D.C.Cir.2001) ("We conclude that district courts must review [denials of expedited processing under FOIA] de novo rather than defer to agency determinations.").

## III. DISCUSSION

### A. Applicable Statutory and Regulatory Language

Under the FOIA, a party may seek expedited processing and release of requested records, rather than awaiting processing under the standard "first-in, first-out" procedure. The Act states that "[e]ach agency shall promulgate regulations ... providing for expedited processing of requests for records—(I) in cases in which the person requesting the records demonstrates a compelling need; and (II) in other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(i)(I)-(II). "Compelling need" is defined in the FOIA to mean "that a failure to obtain requested records on an expedited basis ... could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," or "with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(I)-(II).

The Department of Defense regulations specify that "a separate queue shall be established for requests meeting the test for expedited processing." 32 C.F.R. § 286.4(d)(3). Those requesting expedited consideration are to be notified "within 10 calendar days" of DOD's determination of whether to grant expedited processing. *Id.* The regulations indicate that "[e]xpedited processing shall be granted to a requester after the requester requests such and demonstrates a compelling need for the information." *Id.* A requester can demonstrate a "compelling need" by showing "that the information is urgently needed by an individual primarily engaged in dis-

---

1. Plaintiff is not required to pursue an administrative appeal before seeking judicial review of its request for expedited processing of a FOIA request. *See Al–Fayed v. CIA*, 2000 WL 34342564 at *2 (D.D.C. Sept.20, 2000), *aff'd*

on other grounds, 254 F.3d 300 (D.C.Cir. 2001); *ACLU v. U.S. Dep't of Justice*, 321 F.Supp.2d 24, 28 (D.D.C.2004). Defendant does not dispute that Plaintiff's suit is properly before the Court.

seminating information in order to inform the public concerning actual or alleged Federal Government Activity." 32 C.F.R. § 286.4(d)(3)(ii). In order to show that information is "urgently needed," the requester must show "that the information has a particular value that will be lost if not disseminated quickly," which "[o]rdinarily ... means a breaking news story of general public interest." 32 C.F.R. § 286.4(d)(3)(ii)(A).

## B. EPIC has Failed to Demonstrate that its FOIA Request Should be Expedited

■ For purposes of the instant motions, Defendant "does not dispute ... that EPIC is 'a person primarily engaged in disseminating information,'"[2] and does not dispute that "DIA use of Verity K2 Enterprise software would be 'an actual or alleged Federal Government activity.'" Def.'s Mot. for Partial Summ. J. ("Def.'s Mot.") at 6. The question presented to the Court, then, is whether EPIC's request for expedited consideration demonstrated an "urgency to inform the public" of DIA's use of the Verity K2 Enterprise software program.

■ In order to determine whether Plaintiff has demonstrated an "urgency to inform," and hence "compelling need," the Court generally considers factors set forth by the District of Columbia Circuit Court in Al–Fayed v. CIA, 254 F.3d 300 (D.C.Cir. 2001).[3] These are first, "whether the request concerns a matter of current exigency to the American public," second, whether the consequences of delaying a response would compromise a significant recognized interest," and third, "whether the request concerns federal government activity." Id. at 310; see also ACLU v. U.S. Dep't of Justice, 321 F.Supp.2d 24, 29 (D.D.C.2004). Although Defendant does not dispute this third factor, Plaintiff has nevertheless failed to demonstrate the requisite "urgency to inform."

The Court's resolution of the issue presented is straightforward. Fatal to EPIC's request for expedited treatment is the failure in its original FOIA to demonstrate that there is any current public interest in the specific subject of that request. EPIC requested "all agency records ... concerning [DIA] use of a program or system known as 'Verity K2 Enterprise' for the purpose of analyzing intelligence and detecting terrorist activities." Pl.'s Mot. Ex. 3 (FOIA Request) at 1. However, Plaintiff's argument for expedited processing included in the FOIA request demonstrates only public interest in the subject of data mining in general.[4] EPIC presented the agency with two articles from the New York Times focusing on a report by DOD's

2. Another judge on this Court has held that EPIC qualifies as such. See ACLU, 321 F.Supp.2d at 29 n. 5 (D.D.C.2004).

3. In addition to Al–Fayed, 254 F.3d 300, and ACLU, 321 F.Supp.2d 24, the other relevant case from this jurisdiction addressing with specificity a request to expedite a FOIA request is Electronic Privacy Information Center v. U.S. Department of Justice, 322 F.Supp.2d 1 (D.D.C.2003), in which Judge James Robertson of this Court denied expedited processing of a FOIA request for records from the Department of Justice, finding that the plaintiff had failed to demonstrate the current exigency of its request or a substantial interest in the subject of the request. See id. at 5. However, while this case was good law when the parties filed their briefs, the District Court decision has subsequently been vacated. See Elec. Privacy Info. Ctr. v. Dep't of Justice, 2004 WL 2713119 (D.C.Cir. Nov.24, 2004) (granting motion to dismiss appeals as moot and motion to vacate the District Court judgment, and remanding to the District Court to dismiss the complaint). Although the Court of Appeals' ruling contains no analysis of the District Court opinion, the lower decision is no longer good law. Accordingly, this Court has not relied on Judge Robertson's opinion.

4. Plaintiff does not explain with any particularity what "data mining" is. However, "data mining" is described in the Plaintiff's Exhibit 1 as "searches of one or more elec-

Technology and Privacy Advisory Committee entitled "Safeguarding Privacy in the Fight Against Terrorism." *See* Pl.'s Mot. Ex. 3 (FOIA Request) at 1–2; *see also id.* Ex. 1 (TAPAC Report); *id.* Ex. 4 (Pear Article) ("Panel Urges New Protection On Federal 'Data Mining'"); *id.* Ex. 5 (Safire Editorial) ("Security With Liberty").

Plaintiff's request quoted the TAPAC report stating that the Committee members "believe *rapid action is necessary* to address the host of government programs that involve data mining concerning U.S. persons ...."[5] *Id.* Ex. 3 (FOIA Request) at 2 (emphasis added by Plaintiff). However, Plaintiff does not argue that the TAPAC report discusses the Verity K2 Enterprise software specifically. The two New York Times articles cite to the TAPAC report, and like the report address data mining in general, but do not mention Verity K2 Enterprise as a specific software program utilized in the data mining process. Indeed, the articles make no mention of any specific program used in data mining, and the TAPAC report indicates that there are a "host" of such programs.

The case law makes it clear that only public interest in the specific subject of a FOIA request is sufficient to weigh in favor of expedited treatment. In *Al-Fayed,* the Circuit Court rejected a request to expedite requests for information related to the deaths of Princess Diana and Dodi Al Fayed. *Al-Fayed,* 254 F.3d 300. The Circuit Court rejected one of the plaintiffs' requests because, although the particular issue of a fraud scheme was current (despite the deaths having occurred some years before), the plaintiffs had failed to demonstrate that there was "any evidence in the record that there is substantial interest, either on the part of the American public or the media, in this particular aspect of plaintiffs' allegations." *Id.* at 311. Although the Court of Appeals found that the deaths remained "newsworthy," and that the specific fraud scheme was a current issue (as opposed to the issue of the deaths themselves which was no longer a "currently unfolding story"), the fact that the plaintiffs failed to demonstrate public interest in the fraud scheme proved fatal to this portion of plaintiffs' request for expedition. *Id.* at 310–311.

In the instant case, Plaintiff similarly failed to present the agency with evidence that there is "substantial interest" in the "particular aspect" of Plaintiff's FOIA request. The fact that Plaintiff has provided evidence that there is some media interest in data mining as an umbrella issue does not satisfy the requirement that Plaintiff demonstrate interest in the specific subject of Plaintiff's FOIA request, the Verity K2 Enterprise software program.[6] Indeed,

---

tronic databases of information concerning U.S. persons, by or on behalf of an agency or employee of the government." *See* Pl.'s Mot. Ex. 1 (TAPAC Report) at viii n.*. The precise contours of this process are not central to the Court's analysis, and for the purposes of these motions, the Court credit's Plaintiff's assertion that the Verity K2 Enterprise software program is used in the data mining process. Nevertheless, Plaintiff's arguments in favor of expedited treatment of its FOIA request are unpersuasive.

5. Defendant makes a credible point that "understandably for a commission asked to focus

on a particular topic, [TAPAC] ended up concluding that that topic was important." Def.'s Mot. at 8.

6. Defendant notes that EPIC never even specifically stated in its FOIA request and request for expedition that the Verity K2 Enterprise software program is even used for data mining. Def.'s Mot. at 11–12. Defendant states that EPIC only provided evidence to this effect when it filed its instant motion, attaching a report by the General Accounting Office as Exhibit 2, and that consequently this evidence was not on the record before the agency. *Id.* at 11. However, Defendant states that "un-

the instant case can readily be distinguished from another case in this District Court where expedited consideration of a FOIA request was granted. *See ACLU,* 321 F.Supp.2d 24. In that case, the plaintiffs sought information about a specific section of the USA Patriot Act. In finding that the plaintiffs were entitled to expedited treatment of their request, Judge Ellen Segal Huvelle noted that the plaintiffs had provided evidence of media interest in the specific section at issue. *See id.* at 30 n. 6 ("The articles cited by plaintiffs in their request for expedited processing reflect not only the public concern regarding the [Patriot] Act but also address section 215 specifically."). Plaintiff attempts to obfuscate Judge Huvelle's decision by characterizing it as finding significant public interest "where the plaintiffs could point to a 'handful' of news articles, some of which concerned the USA Patriot Act generally rather than Section 215 of the USA Patriot Act specifically." Pl.'s Opp. & Reply at 5 (citation omitted). However, the Court is unpersuaded by Plaintiff's inference, because the fact remains that the plaintiff in Judge Huvelle's case had also presented articles indicating interest in the specific section as well. Plaintiff here has made no such showing.

Furthermore, Plaintiff itself provides evidence that there are a significant number of data mining programs like Verity K2 Enterprise, *see* Pl.'s Mot. Ex. 2 (GAO Report), which weighs against finding that an interest in data mining in general should be construed to indicate an interest in Verity K2 Enterprise specifically. The report of the General Accounting Office indicated that federal agencies use data mining for a range of purposes, and consolidated information on data mining programs in use by these agencies.[7] The report indicated that DIA utilizes the Verity K2 Enterprise software program for data mining purposes. Pl.'s Mot. Ex. 2 (GAO Report) at 9, 30. However, the report also indicated that 52 agencies use or plan to use data mining, comprised of 199 data mining efforts. *Id.* at 2. Defendant notes that of these 199 data mining efforts, 40 were by DOD agencies. *See* Def.'s Mot. at 13 n. 10 (citing Pl.'s Mot. Ex. 2 (GAO Report) at 29–36). Given these numbers, the Court is unwilling to construe interest in the larger concept to indicate interest in any one specific data mining program. To do so would open the door to permitting the expedition of any request addressing any one of the 199 data mining efforts. This is clearly the sort of result the Court of Appeals cau-

der the circumstances it can be assumed that DIA's use of Verity K2 Enterprise software makes the agency familiar with the software's characteristics without the necessity of formal demonstration by EPIC on the record." *Id.* at 12.

7. This report had not yet been filed when Plaintiff submitted its FOIA request and request for expedited treatment on May 21, 2004, and thus could not have been referenced in Plaintiff's FOIA request. *See* 5 U.S.C § 552(a)(6)(E)(iii) (judicial review is "on the record before the agency at the time of the determination."). However, the GAO report was released on May 27, 2004. Plaintiff's suit was filed on July 20, 2004, and DIA's denial of Plaintiff's request for expedi-

tion was made on August 13, 2004. Accordingly, the GAO report was available to the agency during the time it would have considered Plaintiff's request. As Plaintiff points out, "[t]he D.C. Circuit has held that facts within an agency's knowledge are part of the record before the agency at the time it reviews a FOIA request, whether or not the requester specifically referenced such facts." Pl.'s Opp. & Reply at 1 (citing *Nat'l Treasury Employees Union v. Griffin,* 811 F.2d 644, 648 (D.C.Cir.1987)). Given that the GAO report contains information submitted by DIA and DOD, there can be little doubt that the agency was aware of the GAO report and the information it contained when considering Plaintiff's request for expedition.

tioned against when it stated that "prioritizing all requests would effectively prioritize none." *Al–Fayed*, 254 F.3d at 310.

Finally, Defendant points out that DIA's use of Verity software has been public knowledge since at least December 2002, and that news organizations including the New York Times, Reuters and the parent companies of the Wall Street Journal and CBS use Verity software. *See* Def.'s Reply at 4. The fact that such news organizations would have had this information available to them, and yet published nothing addressing Verity software and its possible data mining capabilities, cuts against Plaintiff's argument that public interest extends to the Verity K2 Enterprise program that is the subject of Plaintiff's FOIA request. Similarly, Plaintiff has provided no evidence indicating that the GAO report or its reference to Verity K2 Enterprise have generated public interest in the interim.

The Circuit Court has made clear its position that expedition of FOIA requests is to be sparingly granted. " 'Given the finite resources generally available for fulfilling FOIA requests, unduly generous use of the expedited processing procedure would unfairly disadvantage other requestors who do not qualify for its treatment.' " *Al–Fayed*, 254 F.3d at 310 (quoting H.R.Rep. No. 104–795, at 26 (1996)). The Court of Appeals further remarked: "Indeed, an unduly generous approach would also disadvantage those requesters who do qualify for expedition, because prioritizing all requests would effectively prioritize none." *Id.* It is neither the Court's nor the agency's responsibility to connect the dots for plaintiffs such as EPIC, by presuming that interest in a general topic necessarily indicates interest in a specific subpart of that topic. Indeed, in addition to being beyond the mandate of the Court or agency, it might well prove irresponsible. Although the leap between public

interest in data mining in general and interest in Verity K2 Enterprise software in particular may appear obvious to Plaintiff, in the absence of evidence demonstrating as much, the Court cannot assume that such evidence (or such interest) exists. In light of this Circuit's position that expedition is to be sparingly granted because granting one request effectively forces other FOIA requestors further down in the queue, the Court is unable to overlook the absence of evidence supporting Plaintiff's request for expedition.

## IV.   CONCLUSION

After a careful examination of the parties' cross-Motions for Partial Summary Judgment, the Court finds that Plaintiff's FOIA request and expedition request do not indicate an urgency to inform the public of information concerning Verity K2 Enterprise software. Accordingly, the Court finds that Defendant's Motion shall be granted, and Plaintiff's Motion shall be denied.